Rockingham, ᣬ
   Dec., 1895. ᣬ

### MILLER & a. v. LAMPREY, Tr., & a.

In a devise to T, by his father's brother, of land long owned by the family,
"to have and to hold as his own; then to his heirs, if any, if not to his
nearest akin by the name of" T, "or his nearest akin on the father's side,"
T does not take a fee-simple estate and has no power to dispose of the land
by will.

PETITION, for partition. Facts agreed. Simon Towle and
David Towle, now deceased, were brothers, and previous to 1840
they owned the real estate in controversy in common. Simon
died in that year, intestate, leaving four children, one of whom,
an infant, died soon after, and Mary E. Miller, another child,
died intestate in 1877, leaving two children, who are the plain-
tiffs. Georgianna Margerum was another child who died intes-
tate in 1878, leaving no issue. Simon P. Towle, the other child,
died in 1890 without issue. The plaintiffs claim to own one half
of their grandfather's half of the land, or one fourth of the
whole, and also the half owned by David Towle, under the
residuary clause in his will. He died in May, 1867. The clause
of the will referred to is as follows: "Also I give my nephew,
Simon P. Towle, all my real estate and personal property that
can be found, to have and to hold as his own. Then to his heirs
if any, if not, to his nearest akin by the name of Towle, or his
nearest akin on the father's side." The defendant Lamprey
claims title to three fourths of the whole estate under the will
of Simon P. Towle.

*Calvin Page*, for the plaintiffs.

*Frink & Marvin, Thomas E. O. Marvin,* and *Lamprey & Shea,*
for Lamprey.

*Per Curiam.*\* Simon P. Towle left no "heirs" within the
meaning of that word as used in the will of David. The ex-
pression, "his heirs," was not intended as a description of the
estate devised to Simon P. If the testator had intended to de-
vise to him a fee-simple title, or an estate that should vest in him,
his heirs and assigns forever, no reason is apparent for the provi-

---

\* In this case and others for the same term in which the opinion is *Per Curiam,* the
opinions prepared by Chief Justice Doe were after his death adopted by his surviving
associates, and the judgments therein were announced by them at the adjourned law
term held March 13, 1896. See, also, foot-note on page 22.

sion that in case of the death of Simon P. without heirs, the estate should pass " to his nearest akin by the name of Towle, or his nearest akin on the father's side." It is not to be presumed that no meaning was intended to be conveyed by these words. *Sanborn* v. *Sanborn*, 62 N. H. 631. All the competent evidence shows that the testator's general purpose was to so dispose of the land that it should remain in the Towle family; and to accomplish that purpose, he in effect provided that upon the death of his nephew without lineal descendants, it should become the property of the nearest of kin to the nephew by the name of Towle or " on the father's side." A construction that would allow Simon P. to dispose of the land by will would contravene the plain intention expressed by David in his will. Upon the reported facts, the plaintiffs are the owners of one fourth of the entire estate by inheritance, and under the will of David they became the owners of an additional half of it. The will of Simon P., therefore, could operate only on the remaining one fourth which he inherited from his uncle, his sister Georgianna, and the infant.

*Judgment for the plaintiffs.*

WALLACE, J., did not sit: the others concurred.