Sullivan, }
Jan. 4, 1927. }

### FRED E. S. BARNES, *Ex'r*, v. FIRST BAPTIST CHURCH
### OF CLAREMONT & a.

The presumption that a word has the same meaning in different parts of a will affords no more than an inference of fact, and must yield to proof of a contrary intent disclosed by the whole will.

The specified exceptions to a grant or power mark its general extent.

The presumption that all parts of a will were intended to form a consistent and operative whole forbids implications that would annul any clause capable of a reasonable interpretation.

Words in a will should be construed according to their ordinary and popular signification.

A power conferred by will upon an executor "to sell lots of land, . . . and use the money from such sales to improve other lots by buildings for tenement purposes" authorizes the expenditure of the proceeds of such sales in the improvement of other lots by building tenements thereon; or the executor may make the general investments permitted by P. L., *c.* 309, *s.* 17; *Ib.*, *c.* 290, *s.* 22.

PETITION, for instruction by the executor of the will of Imogene E. Barnes.

The testatrix devised the net income of the residue of her estate, for life, to her nephew whom she named as executor, with remainder over to his children if any shall survive him, otherwise to the defendants. Her real estate consisted of the homestead, two dwelling houses and lots, an unimproved parcel of about seven acres and a tract known as the "circus lot." The last named tract had been platted for building lots and was the larger part of the realty.

The will contained the provision: "I give the said Fred E. S. Barnes, the right to sell lots of land, not including homestead, and use the money from such sales to improve other lots by buildings for tenement purposes."

It is conceded that the rights here granted are bestowed upon Barnes in his capacity as trustee. Acting under the authority given, the executor has sold and conveyed one of the dwelling houses and parts of three of the platted lots of the circus ground. He now desires to sell the unimproved land and further portions of the circus ground; which proposed sales he deems to be for the advantage of all parties interested.

The petition prays for instructions as to the power, right and authority conferred by the quoted clause.

Transferred by *Burque*, J., upon the exceptions of the defendant church to rulings and refusal to rule. The questions of law raised, so far as insisted upon in argument, sufficiently appear in the opinion.

*Jesse M. Barton* (by brief and orally), for the petitioner.

*Francis W. Johnston* (by brief and orally), for the defendant church.

SNOW, J. The contention of the defendant is that the express authority given the executor to sell real estate is limited (1) to the sale of lots in the platted parcel, known as the "circus lot," and (2) to such sales when the proceeds are to be used solely in improving other lots therein.

This construction is based upon an essential premise that the word "lots," which twice appears, was in each instance used in the restricted sense of town or building lots. As tracts capable of improvement by building are contextually indicated by the use of the word in its second position, and as it appears by evidence *aliunde* that a plan had been made of the circus ground, and that this was the only tract adapted to building purposes, it is reasoned that, therefore, the testatrix, by the word "lots" in such second position at least, must have had exclusive reference to the platted portions of that tract; and that it is unlikely that the word was used earlier in the same paragraph in a different sense.

The rule that when a word appears more than once in a will, it is presumed to have been used always in the same sense (*Hall v. Hall*, 27 N. H. 275, 288; *Mathes v. Smart*, 51 N. H. 438, 442) affords no more than an inference of fact, which must yield to superior proof of a contrary intent disclosed by the whole context. *Mathes v. Smart, supra; Edgerly v. Barker*, 66 N. H. 434, 450. If it be conceded that the word was employed in its limited sense in the second instance, convincing proof that no such limitation was impliedly intended in its earlier use is found in the qualifying words "not including homestead." It is a necessary inference that the phrase "lots of land" thus qualified was employed in a sense which, except for its express exclusion, would have embraced the homestead. The adoption of the defendant's construction would render meaningless the words "not including homestead," in face of the presumption that some meaning was intended by every word used (*Miller v. Lamprey*, 68 N. H. 376, 377), and contrary to the familiar rule that

effect must be given if practicable to every word and clause. *Hall* v. *Hall*, 27 N. H. 275, 287; *Drew* v. *Drew*, 28 N. H. 489, 494; *Dennett* v. *Dennett*, 43 N. H. 499, 501. The presumption that all parts of the will were intended to form a consistent and operative whole, forbids implications that would. annul any clause capable of a reasonable interpretation. *Sanborn* v. *Sanborn*, 62 N. H. 631, 644; *Forest* v. *Jackson*, 56 N. H. 357, 361.

Using the words according to their ordinary and popular signification (*Perkins* v. *Mathes*, 49 N. H. 107, 110; *Sanborn* v. *Sanborn*, *supra*, 643; *Brierley* v. *Brierley*, 81 N. H. 133, 137) the testatrix was seized of five "lots of land." The express exclusion of the homestead is an implied inclusion of the other four. It follows that whatever meaning may have been intended by the word "lots" as later employed, it must be considered that the testatrix intended by its earlier use to invest her executor with the power to sell all of her realty except the homestead.

The defendant's contention that sales are authorized only when the proceeds are to be invested in the improvements of other lots is based upon the claim that the word "and," connecting the provision authorizing sales and that relating to the investment of the proceeds, is used "in its conjunctive sense" and that, therefore, the operations of selling and investing were to be interdependent. An undertaking to coördinate sales and improvements would present such difficulties of administration as to render it improbable that such a restriction on sales was intended unless such an interpretation is a necessary inference. *Harris* v. *Ingalls*, 74 N. H. 339, 342. As the language quite as appropriately grants an unconditional power as a power with a limitation upon its exercise, the former construction must be adopted. This interpretation is confirmed by the conceded fact that the circus tract, in which deceased owned only an undivided interest, was the only one passing by the will capable of improvement by building for tenement purposes. Nothing short of the most explicit direction would justify a finding that the testatrix intended her executor to limit the investment of the proceeds of sales exclusively in building tenements upon lots in which her estate held only an undivided half interest, in which enterprise, unless partition was first had, the executor would be dependent upon the concurrence of a coöwner. The purchase by the executor in his individual capacity of the interest of the coöwner does not affect the question of the expressed intention of the testatrix.

The executor is accordingly advised that the provision in question

is a power and not a direction; that under the power he may sell any of the lands devised in the residuary clause, except the homestead, and may invest the proceeds of such sales either in the improvement of other lots by the construction of buildings for tenement purposes; or he may invest in the manner provided by statute. P. L., c. 309, s. 17; c. 290, s. 22. Whether the homestead may be sold under license, under P. L., c. 309, s. 13, is a question not presented and it has not been considered. It is understood that the plaintiff's requests for instruction, and the defendant's exceptions, not covered by this advice, are waived, and they have not been considered.

*Case discharged.*

All concurred.